T.C. Memo. 2008-65

UNITED STATES TAX COURT

BARRY L. MORRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14487-05.          Filed March 17, 2008.


P failed to file Federal income tax returns for 1999, 2000, 2001, and 2002. R determined deficiencies and additions to tax pursuant to sec. 6651(a)(1), I.R.C. After concessions, P and R dispute only whether P is entitled to certain additional deductions.

<u>Held</u>: P is not entitled to deductions in excess of those conceded by R.


Barry L. Morris, pro se.

<u>Annie Lee</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of Federal income tax deficiencies and additions to tax under section 6651(a)(1) that respondent determined with respect to petitioner's 1999, 2000, 2001, and 2002 taxable years.[1]

Before trial, the parties resolved a number of issues and filed a stipulation of settled issues, which is hereby incorporated by reference into our findings.  After concessions, the issues remaining for decision are:

(1) Whether petitioner is entitled to numerous additional deductions claimed on Schedule C, Profit or Loss From Business, for all 4 taxable years at issue;

(2) whether petitioner is entitled to a deduction for state taxes paid in 2000; and

(3) whether petitioner is entitled to a deduction for alimony payments in 2001.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.  Petitioner failed to file Federal

---

[1] All section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable years at issue. The Rule reference is to the Tax Court Rules of Practice and Procedure.

income tax returns for the 1999, 2000, 2001, and 2002 taxable years.  Respondent issued notices of deficiency on May 6, 2005. Petitioner then filed a timely petition with this Court.  At the time he filed his petition, petitioner resided in Hayward, California.  A trial was held on May 22-23, 2007, in San Francisco, California.

Before proceeding, it is noteworthy that Mr. Morris is an experienced attorney specializing in criminal law.  This case was initially set for trial in August 2006.  At petitioner's request, he was granted two continuances.  The second continuance was granted in March 2007 over respondent's objection.

Despite the additional time he was granted and his representations to the Court that if the continuances were granted he would promptly find and provide respondent with relevant documents demonstrating his entitlement to additional deductions, petitioner failed to do so.  To make matters worse, petitioner violated the Court's standing pretrial order by providing respondent with documents less than the required 14 days before trial.  He also showed up for trial without records pertaining to 3 of the 4 taxable years at issue on the basis that his "computer wasn't printing."  The case was nevertheless tried, although 3 of the 4 taxable years at issue had to be tried on the following day in order to permit petitioner to finalize and print

the rest of the accounting records that he was relying on and to provide them to respondent.

Because petitioner's records were discovered, during trial, to be fraught with errors, the Court concluded that respondent was prejudiced by petitioner's violation of the pretrial order. The Court therefore sustained respondent's objection to the admission of those documents into evidence.  However, the record was held open until July, 9, 2007, to offer petitioner an opportunity to confer with respondent in order to reach an agreement concerning the filing of additional documents.  Such documents could have included corrected versions of the documents that were not admitted into evidence at trial and additional supplemental stipulations of the parties.  Petitioner failed to confer with respondent and then inexplicably failed to file a brief or a reply brief.  In the end, although provided ample opportunity, petitioner has done little to help himself prevail on the remaining issues.

OPINION

I.   General Deduction Rules

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.

Generally, the Court may allow for the deduction of a claimed expense (other than those subjected to the strict substantiation requirements of section 274) even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544.

The taxpayer bears the burden of proving entitlement to any claimed exemptions or deductions; the taxpayer's burden includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th Cir. 1976). Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not established that he meets the requirements under section 7491(a)(1) and (2) for such a shift.

II. Business Expense Deductions

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is ordinary for purposes of section 162 if it is normal

or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, "personal, living, or family expenses" are generally nondeductible. See sec. 262(a).

Certain business expenses described in section 274(d) are subject to strict substantiation rules that supersede the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra. Section 274(d) applies to: (1) Any traveling expense, including meals and lodging away from home; (2) entertainment, amusement, and recreational expenses; (3) any expense for gifts; or (4) the use of "listed property", as defined in section 280F(d)(4), including passenger automobiles. To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use, which includes mileage in the case of automobiles; (2) the time and place of the travel, entertainment, or use; (3) its business purpose; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. Sec. 274(d) (flush language).

Because petitioner has failed to file a brief, the nature of his arguments is not entirely clear. In any event, no evidence has been admitted that would tend to support any of the claimed business expense deductions that were not conceded by respondent. To make matters worse, petitioner's testimony was plagued by memory lapses and confessions of error with respect to some of his claimed deductions. The Court therefore concludes that petitioner has failed to demonstrate entitlement to deductions for any business expenses in excess of those conceded by respondent.

III.  Deduction for State Tax Payments

State income taxes paid or accrued during the taxable year are generally deductible. See sec. 164(a)(3). At trial, petitioner asserted tersely that he made five payments of $310 to the California Franchise Tax Board in 2000. Aside from that assertion, there is no evidence of record to demonstrate that petitioner actually made those payments on behalf of his business. Because petitioner has failed to properly substantiate the claimed State tax payments, he has not demonstrated entitlement to a deduction for State tax payments with respect to his 2000 taxable year.

IV.  Deduction for Alimony or Separate Maintenance Payments

Payments incident to a divorce that are characterized as alimony or separate maintenance are deductible by the payor.

- 8 -

See sec. 215(a) ("In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."). For Federal income tax purposes, alimony is defined as any payment in cash that satisfies all of the following requirements: (a) Such payment is received by, or on behalf of, a spouse under a divorce or separation instrument; (b) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under section 71 and not allowable as a deduction under section 215; (c) the payee spouse and the payor spouse are not members of the same household at the time the payment is made; and (d) there is no liability to make any such payment, or a substitute for such payments, in cash or property, after the death of the payee spouse. Sec. 71(b)(1)(A)-(D).

At trial, petitioner testified that he "paid $59,000 in spousal support in the year 2001." Respondent indicates, on brief, that respondent was willing to allow petitioner a deduction for alimony payments if petitioner provided adequate documentation to show the year in which alimony was paid. Petitioner attempted to do so at trial by submitting copies of computer records reflecting numerous transfers of funds ($850 per transfer) to his ex-wife in 2001. However, those amounts could also have been for child support and, in any event, those records

were not admitted into evidence.  As a result, we are left to guess if and when petitioner paid alimony.  Petitioner has therefore not demonstrated entitlement to a deduction for alimony payments with respect to his 2001 taxable year.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>under Rule 155</u>.